UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  07/15/2025
```

MELISSA BROWN
                          Plaintiff,

          -against-

THE TOWN OF CLARKSTOWN, CLARKSTOWN POLICE
OFFICER THOMAS LaTORRE III, CLARKSTOWN POLICE
EMPLOYEES "JOHN/JANE DOE," THE UNITED STATES
DRUG ENFORCEMENT ADMINISTATION, THE COUNTY
OF ROCKLAND, and ROCKLAND COUNTY ASSISTANT
DISTRICT ATTORNEY "JOHN/JANE DOE,"
                          Defendants.

No. 7:24-cv-04761-NSR

**OPINION & ORDER**

NELSON S. ROMÁN, United States District Judge:

Plaintiff Melissa Brown ("Plaintiff" or "Brown") commenced this action on June 24, 2024

asserting various constitutional claims pursuant to 42 U.S.C. § 1983 against Defendants Town of

Clarkstown ("Town of Clarkstown"), Clarkstown Police Department Officer Thomas LaTorre

("Officer LaTorre"), Clarkstown Police John/Jane Doe ("Clarkstown Police John/Jane Doe"); the

United States Drug Enforcement Administration ("DEA"); the County of Rockland ("Rockland

County"); and the Rockland County Assistant District Attorney John/Jane Doe ("Rockland ADA

John/Jane Doe") (collectively, Defendants). In her Amended Complaint ("AC"), Plaintiff brings (1)

false arrest claims under the Fourth Amendment against Defendants Officer LaTorre and

Clarkstown Police John/Jane Doe; (2) malicious prosecution claims against Officer LaTorre,

Clarkstown Police John/Jane Doe, and Rockland John/Jane Doe, (3) *Monell* claims against the

Town of Clarkstown, Rockland County, and the DEA; and (4) stigma-plus defamation claims under

the Fourteenth Amendment against the DEA and Town of Clarkstown. (ECF No. 21.)

Defendants Town of Clarkstown and Officer LaTorre (collectively, the "Town Defendants")

and Rockland County ("Rockland Defendant") move to dismiss Plaintiff's Amended Complaint

pursuant to Fed. R. Civ. P. 12(b)(6). (ECF Nos. 37, 41.) For the following reasons, Town Defendants' and Rockland Defendant's motions to dismiss are granted in their entirety without prejudice. Further, while the motions to dismiss pending before the Court do not address claims against the DEA, the Court concludes that Plaintiff has not properly brought claims against the DEA and dismisses without prejudice claims against the agency as well.

## RELEVANT BACKGROUND

### A. Factual Background

For the purpose of ruling on the instant motion to dismiss, the Court accepts as true all well-pleaded factual allegations in Plaintiff's Amended Complaint and draws all reasonable inferences in Plaintiff's favor, as summarized below.

On February 10, 2023, on the basis of two separate search warrants issued by Rockland County Court Judge Hon. Larry J. Schwartz and Town of Clarkstown Judge Hon. David Ascher, Plaintiff was detained, searched, and arrested at her residence in Congers, New York, which she shared with her former partner Carl Desir ("Desir"). (AC ¶ 13.) On that date, Plaintiff was in her kitchen when Officer LaTorre entered Plaintiff's home and ordered her to vacate the premises. (*Id.* ¶¶ 14-15.) An unidentified Officer Jane Doe placed Plaintiff in the back of a police car and Plaintiff alleges that she was neither read her *Miranda* rights nor shown the search warrant before the officers entered her home. (*Id.* ¶ 19.) During the search of Plaintiff's residence, law enforcement found, *inter alia*, 172 ounces of cocaine, drug paraphernalia and a loaded handgun with a magazine capable of holding over fifteen rounds of ammunition in different rooms of Plaintiff's home. Plaintiff was eventually read her *Miranda* rights after being held for hours at the Clarkstown Police station. (AC ¶ 19.)

The following day, on February 11, 2023, Plaintiff was arraigned and charged with Criminal Possession of a Controlled Substance in the First Degree, two counts of Criminal Possession of

Weapon in the Second Degree, and Criminal Possession of a Weapon in the Third Degree. (*Id.* ¶ 21.) The Amended Complaint avers that Plaintiff was arraigned after Desir both pled guilty to firearms and narcotics charges and informed police that Plaintiff had no knowledge of the weapon or narcotics found at Plaintiff's home. (AC ¶¶ 20, 22.)

On February 15, 2023, the Clarkstown Police and the DEA released information about the arrest of Plaintiff and Desir and included Plaintiff's full name, age, and town of residence. (AC ¶ 22.) The information was reported on by several news agencies, which published the same or similar details, including one referring to Plaintiff as a "significant drug trafficker." (AC ¶ 23.) The Amended Complaint alleges that on the same day as the press release, Plaintiff's criminal defense attorney at the time received a call from ADA Doe informing her that she was not the subject of the investigation. (AC ¶ 24.) Plaintiff alleges that she was arrested in order to pressure Desir to plead to the crimes for which he was charged. (AC ¶ 27.) Plaintiff alleges that as a result of Defendants' wrongful conduct, she was fired from her job as the Senior Director of Human Resources at Columbia University, where she had been employed for 17 years. (AC ¶ 25.)

In March of 2023, an unidentified Rockland County District Attorney offered a cooperation agreement to Plaintiff which her criminal defense attorney advised her not to sign. (AC ¶ 26.) On or about July 31, 2023, Plaintiff's then-criminal defense attorney requested that Plaintiff's file be sealed pursuant to New York Criminal Procedure § 160.50, and the request was granted on the same day. (AC ¶ 30.) On August 3, 2023, the Town of Clarkstown, via the Clarkstown Town Court, issued a Certificate of Disposition dismissing all charges against Ms. Brown. (*Id.* ¶ 28.) The Amended Complaint avers that in September 2023, after alleged violations to the sealing order, Plaintiff's then-criminal defense attorney contacted the Rockland County District Attorney to seek compliance though the outcome of that communication is not clear from the Amended Complaint. (AC ¶ 33.) Based on the foregoing, Plaintiff avers that she suffered injury, humiliation,

embarrassment, injury to her reputation, loss of her profession, and inability to obtain employment, and other economic damages. (AC ¶ 34.)

### B. Procedural History

Plaintiff commenced this action on June 24, 2024. (ECF No. 2.) With leave from this Court, Plaintiff filed an Amended Complaint on September 9, 2024. (ECF No. 21.) Defendants Town of Clarkstown (the "Town") and Clarkstown Police Officer Thomas LaTorre III ("Officer LaTorre") (collectively, the "Town Defendants") and Defendant Rockland County filed motions to dismiss on February 18, 2025. (ECF Nos. 37, 41.) Defendant Rockland County filed a memorandum of law ("Rockland Mem."), declaration ("Rockland Decl."), and reply ("Rockland Reply") in connection with its motion to dismiss. (ECF Nos. 38-40.)  Town Defendants also filed a declaration ("Town Decl."), memorandum of law ("Town Mem."), and reply ("Town Reply"). (ECF Nos. 42, 43, 48.) Plaintiff filed separate opposition briefs ("Pl. Town Opp'n.," "Pl. County Opp'n.") and declarations ("Pl. Town Decl.," "Pl. County Decl.") to Town Defendants' and Rockland County's motions, respectively. (ECF Nos. 44-47.)

## LEGAL STANDARDS

### *Federal Rule of Civil Procedure 12(b)(6)*

Under Federal Rule of Civil Procedure 12(b)(6), dismissal is proper unless the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When there are well-pled factual allegations in the complaint, "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. While the Court must take all material factual allegations as true and draw reasonable inferences in the non-moving party's favor, the Court is "not bound to accept as true a

4

legal conclusion couched as a factual allegation," or to credit "mere conclusory statements" or "[t]hreadbare recitals of the elements of a cause of action." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555). The Second Circuit "deem[s] a complaint to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference ... and documents that plaintiffs either possessed or knew about and upon which they relied in bringing the suit." *Rotham v. Gregor*, 220 F.3d 81, 88 (2d Cir. 2000) (internal citations omitted). The critical inquiry is whether the Plaintiff has pled sufficient facts to nudge the claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. A motion to dismiss will be denied where the allegations "allow[ ] the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

### *42 U.S.C. § 1983 ("§ 1983")*

Section 1983 provides, in relevant part, that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws shall be liable to the party injured." Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979); *see Patterson v. County of Oneida*, 375 F.3d 206, 225 (2d Cir. 2004). To assert a claim under Section 1983, a plaintiff must allege "(1) the challenged conduct was attributable to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed by the U.S. Constitution." *Castilla v. City of New York*, No. 09-CV-5446 (SHS), 2013 WL 1803896, at *2 (S.D.N.Y. April 25, 2013); *see Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010). Therefore, a Section 1983 claim has two essential elements: (1) the defendant acted under color of state law, and (2) as a result of the defendant's actions, the plaintiff

5

suffered a denial of his federal statutory rights, or his constitutional rights or privileges. *See Annis v. County of Westchester*, 136 F.3d 239, 245 (2d Cir. 1998); *Quinn v. Nassau Cty. Police Dep't*, 53 F. Supp. 2d 347, 354 (E.D.N.Y. 1999) (Section 1983 "furnishes a cause of action for the violation of federal rights created by the Constitution.")

In order for a defendant in a Section 1983 action to be held liable, the plaintiff must demonstrate that the defendant was personally involved in the alleged constitutional violations. *Whitton v. Williams*, 90 F. Supp. 2d 420, 427 (S.D.N.Y. 2000). Personal involvement is defined as "direct participation, or failure to remedy the alleged wrong after learning of it, or creation of a policy or custom under which unconstitutional practices occurred, or gross negligence in managing subordinates." *Black v. Coughlin*, 76 F.3d 72, 74 (2d Cir. 1996). Important context is that a defendant "in a § 1983 action is not liable simply on the basis of holding a high position of authority." *Dawson v. Cnty. of Westchester*, 351 F. Supp. 2d 176, 196 (S.D.N.Y. 2004). Additionally, "[p]leadings pursuant to § 1983 must contain 'more than mere conclusory allegations.'" *Richard v. Fischer*, 38 F. Supp. 3d 340, 351 (W.D.N.Y. 2014) (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 43 (2d Cir. 1988)).

## DISCUSSION

Plaintiff brings (1) false arrest and malicious prosecution claims against Defendants Officer LaTorre and Clarkstown Police John/Jane Doe; (2) malicious prosecution claims against and Rockland ADA John/Jane Doe, (3) *Monell* liability claims against the Town of Clarkstown, Rockland County, and the DEA; and (4) stigma-plus defamation claims against the DEA and Town of Clarkstown. For the reasons that follow, the Court dismisses each of Plaintiff's claims against the multiple defendants without prejudice.

I.      *Monell* **and Stigma-Plus Defamation Claims Against the DEA**

Plaintiff brings *Monell* claims and stigma-plus defamation claims under the Fourteenth Amendment against the DEA. Claims against the DEA are dismissed because Plaintiff's claims against the DEA vis-à-vis § 1983 and the Fourteenth Amendment, as constructed, are improper.

The Fourteenth Amendment and § 1983 are inapplicable to the federal government, therefore Plaintiff's causes of action against the agency must be dismissed on this ground. *Ricca v. United States*, 488 F. Supp. 1317, 1325 (E.D.N.Y. 1980) (citing *District of Columbia v. Carter*, 409 U.S. 418, 93 S. Ct. 602, 34 L.Ed.2d 613 (1973)). Suits against the United States and federal agencies require "a cause of action, subject matter jurisdiction, and a waiver of sovereign immunity," which Plaintiff has not asserted here. *Presidential Gardens Assoc. v. Sec'y of Hous. and Urban Dev.*, 175 F.3d 132, 139 (2d Cir. 1999) (citing *United States v. Mitchell*, 463 U.S. 206, 212 (1983)); *see also Adeleke v. United States*, 355 F.3d 144, 150 (2d Cir. 2004). Unless Congress has specifically authorized an agency of the federal government to be sued in its own name, an action may not be maintained against that agency. *Blackmar v. Guerre*, 342 U.S. 512, 515 (1952). Since Congress has not chosen to authorize suits against DEA, except in limited circumstances, which Plaintiff does not assert here, the claims against DEA must be dismissed. *Ricca*, 488 F. Supp. at 1325. Accordingly, the Court dismisses claims against the DEA without prejudice.

II.     **Claims Against Town Defendants**

Next, the Court addresses claims against the Town Defendants—specifically Plaintiff's claims false arrest and malicious prosecution claims against Officer LaTorre and *Monell* claims against the Town of Clarkstown based on alleged stigma-plus claims under the Fourteenth Amended. For the reasons below, the Court dismisses all claims against the Town Defendants without prejudice.

A.      **False Arrest and Malicious Prosecution Claims against Officer LaTorre**

Plaintiff does not sufficiently plead false arrest and malicious prosecution claims against Officer LaTorre. Plaintiff fails to allege an absence of probable cause that led to the search of Plaintiff's residence such that the search was unconstitutional. Since the existence of probable cause is a complete defense to § 1983 claims for both false arrest and malicious prosecution, the shortcoming in the Amended Complaint necessitates the dismissal of both the false arrest and malicious prosecution claims. *See Richardson v. McMahon*, No. 22-582, 2023 WL 3102910, at *1 (2d Cir. Apr. 27, 2023).

To prevail on a § 1983 false arrest claim, a plaintiff must allege "that the defendant intentionally confined [the plaintiff] without his consent and without justification. Because probable cause to arrest constitutes justification, there can be no claim for false arrest where the arresting officer had probable cause to arrest the plaintiff." *McCullough v. Graves*, No. 24-506-CV, 2024 WL 4615821, at *2 (2d Cir. Oct. 30, 2024) (quoting *Escalera v. Lunn*, 361 F.3d 737, 743 (2d Cir. 2004)).

To prevail on a §1983 claim for malicious prosecution, "a plaintiff must demonstrate both (i) a Fourth Amendment violation and (ii) the common-law elements of the tort of malicious prosecution." *Guillen v. City of New York*, 625 F. Supp. 3d 139, 154–55 (S.D.N.Y. 2022) (citation omitted). The common-law elements of the tort of malicious prosecution are as follows: "(1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for the defendant's actions." *Dettelis v. Sharbaugh*, 919 F.3d 161, 164 (2d Cir. 2019) (quoting *Murphy v. Lynn*, 118 F.3d 938, 947 (2d Cir. 1997)).

In her Amended Complaint, Plaintiff argues that Defendants neither had probable cause nor an objectively reasonable basis to believe that they had probable cause to arrest Plaintiff. (AC ¶ 29.)

However, Plaintiff does not offer much more than threadbare assertions as to the alleged absence of probable cause. The existence of probable cause is a complete defense to § 1983 claims for both false arrest and malicious prosecution. *Richardson* at 1. A defense rooted in probable cause "may be raised by a pre-answer motion to dismiss under Rule 12(b)(6), without resort to summary judgment procedure, if the defense appears on the face of the complaint." *Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 74 (2d Cir. 1998). Which is the case here.

Probable cause to arrest exists where officers have knowledge of, or reasonably trustworthy information, that sufficiently warrants a person of reasonable caution to believe that the person to be arrested has or is committing a crime. *See Fernandez-Bravo v. Town of Manchester*, 711 F. App'x 5 (2d Cir. 2018); *see also Manganiello v. City of N.Y.*, 612 F.3d 149, 161 (2d Cir. 2010). The test for probable cause is an objective one and "depends upon the reasonable conclusion to be drawn from the facts known to the arresting officer at the time of the arrest." *Zellner v. Summerlin*, 494 F.3d 344, 369 (2d Cir. 2007) (quoting *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004)). At the time of the February 10 search, the arresting officers were executing a warrant based on the affidavit of Officer LaTorre dated February 8, 2023. LaTorre's affidavit contained ample probable cause to search Plaintiff's home, including references that Desir resided there and had sold controlled substances to a confidential informant, including at least two in which Desir travelled either to the drug sale from Plaintiff's residence or returned to her residence after a sale was complete. Plaintiff was also identified as the sole owner of the residence via a deed search.[1] During the execution of the search warrant of Plaintiff's residence, over ten pounds of cocaine, marijuana, cash, and other items were recovered from Plaintiff's home. After the initial search of the Plaintiff's residence, Officer LaTorre signed an affidavit that same day seeking a subsequent warrant to search and seize

---

[1] "On a motion to dismiss, courts may take judicial notice of public records, such as properly recorded deeds." *Jaffer v. Hirji*, No. 14-CV-2127 KMK, 2015 WL 6473033, at *2 (S.D.N.Y. Oct. 27, 2015), aff'd, 887 F.3d 111 (2d Cir. 2018).

firearms located at Plaintiff's residence. On February 10, 2023, Town of Clarkstown Judge David Ascher signed a Search Warrant Order, relying on Officer LaTorre's February 10, 2023 affidavit, wherein it was found "that there is reasonable cause to believe that a search of a … for a firearm … will reveal evidence of violations of Penal Law Article 265." (Town Decl., Ex. G.) An unlicensed loaded handgun was ultimately seized. The Supreme Court has noted that there is "a presumption of validity with respect to the affidavit supporting the search warrant." *See Franks v. Delaware*, 438 U.S. 154, 171 (1978); *see also United States v. Klump*, 536 F.3d 113, 119 (2d Cir. 2008). Moreover, "in the context of a civil case, the Second Circuit has noted that "[a] plaintiff who argues that a warrant was issued on less than probable cause faces a heavy burden." *Balkanli v. City of New York*, No. 07 CV 2204 (NG), 2009 WL 1346736, at *7 (E.D.N.Y. May 14, 2009) (*citing Rivera v. United States*, 928 F.2d 592, 601-02 (2d Cir. 1991)). Moreover, when inquiring as to whether a search warrant was based on sufficient probable cause, the reviewing court pays substantial deference to judicial determinations. *See United States v. Freeman*, 358 F.2d 459 (2d Cir. 1966). Here, both the Honorable Larry J. Schwartz and the Honorable David Ascher found probable caused based on Officer LaTorre's sworn affidavit. Plaintiff provides no sufficient reason to overturn this finding and offers mere conclusory statements to support her assertions of the lack of probable cause. Given the dismissal based on the presence of probable cause, the Court does not find it necessary to address the Town Defendants' post-arraignment detention argument with respect to Plaintiff's malicious prosecution claim at this time. Accordingly, Plaintiff's arrest and malicious prosecution claims against Officer LaTorre are dismissed without prejudice.

      **B.**     **Claims Against the Town of Clarkstown**

              **1.**     ***Monell Claims Based on Alleged Failure to Train And/or Supervise***

Plaintiff asserts *Monell* claims against the Town of Clarkstown based on alleged failure to train and/or supervise police officers regarding the execution of warrants, arrests, and prosecutions.

The Court dismisses these claims without prejudice because Plaintiff fails to offer more than conclusory allegations that the municipality failed to train or supervise its employees.

A municipality, like Town of Clarkstown, may be sued under Section 1983 only "when execution of [the] government's policy or custom ... inflicts the injury." *Monell v. Dep't of Soc. Serv. of the City of N.Y.*, 436 U.S. 658, 694 (1978). A plaintiff asserting a *Monell* claim against a municipal entity must "show that the challenged acts were performed pursuant to a municipal policy or custom." *Patterson v. County of Oneida*, 375 F.3d 206, 226 (2d Cir. 2004). Courts in this Circuit generally apply a two-prong test for § 1983 claims brought against a municipal entity. *Vippolis v. Village of Haverstraw*, 768 F.2d 40, 44 (2d Cir. 1985). First, the plaintiff must "prove the existence of a municipal policy or custom in order to show that the municipality took some action that caused [the plaintiff's] injuries beyond merely employing the misbehaving officer." *Id.* (internal citation omitted). Second, the plaintiff must establish a "direct causal link between a municipal policy or custom and the alleged constitutional deprivation." *Hayes v. County of Sullivan*, 853 F. Supp. 2d 400, 439 (S.D.N.Y. 2012) (quoting *City of Canton v. Harris*, 489 U.S. 378, 385 (1989)).

For an unofficial policy or custom to invite *Monell* liability, the practice, custom or usage must be so widespread and so persistent that it has the force of law. *See Lauro v. City of New York*, 39 F. Supp. 2d 351, 366 (S.D.N.Y. 1999), *rev'd on other grounds*, 219 F.3d 202 (2d Cir. 2000). A plaintiff may plausibly satisfy the "policy or custom" requirement by alleging:

(1) a formal policy officially endorsed by the municipality;

(2) actions taken by government officials responsible for establishing the municipal policies that caused the particular deprivation in question;

(3) a practice so consistent and widespread that, although not expressly authorized, constitutes a custom or usage of which a supervising policy-maker must have been aware; or

(4) a failure by policymakers to provide adequate training or supervision to subordinates to such an extent that it amounts to deliberate indifference to the rights of those who come into contact with the municipal employees.

11

*See Brandon v. City of New York*, 705 F. Supp. 2d 261, 276–77 (S.D.N.Y. 2010) (internal citations omitted).

To overcome a motion to dismiss, a complaint must include more than broad or vague allegations to support a *Monell* claim. "[T]he simple recitation that there was a failure to train municipal employees does not suffice to allege that a municipal custom or policy caused the plaintiff's injury." *Dwares v. City of New York*, 985 F.2d 94, 100 (2d Cir. 1993)*; see also Davis v. City of New York*, No. 07-CV-1395 (RPP), 2008 WL 2511734, at *6 (S.D.N.Y. June 19, 2008) (holding that "conclusory allegations that a municipality failed to train and supervise its employees" are insufficient to state a *Monell* claim absent supporting factual allegations). Similarly, it is not enough to allege simply that a municipal policy or custom exists. *Zahra v. Town of Southold*, 48 F.3d 674, 685 (2d Cir. 1995). Notably, a municipality may not be held liable under § 1983 on a *respondeat superior* theory solely because the municipality employs an individual who violated the law. *Monell*, 436 U.S. at 692; *see also Vassallo v. Lando*, 591 F. Supp. 2d 172, 201 (E.D.N.Y. 2008) (noting that "a municipal entity may only be held liable where the entity itself commits a wrong").

Here, other than general conclusory statements, Plaintiff offers no factual allegations suggesting the plausible existence of a policy or custom which contributed to the alleged misconduct. The Amended Complaint also fails to allege the existence of instances where Town police officers executed search warrants without probable cause or detained, arrested, or charged individuals without probable cause, or publicly disseminated defamatory information about an arrest, such that the Town was on notice of a policy or custom that it then failed to correct. Further, Plaintiff does not allege any misconduct or failure regarding the Town of Clarkstown occurring prior to the execution of the search warrant on her home and her arrest. Based on Plaintiff's failure to sufficiently plead that the Town had unlawful policies or practices that led to a failure to train and/or supervise employees, Plaintiff's *Monell* claim  is dismissed without prejudice to renew.

###### 2.       Stigma-Plus Defamation Under the Fourteenth Amendment

Plaintiff alleges that representatives of the Town of Clarkstown, acting within their official capacity, published Plaintiff's name, age, and town of residence in association with the crimes she was accused of committing, which led to a loss of good reputation and caused her to be terminated from her job at Columbia University. (AC ¶¶ 25, 61-70.)  It is well-settled that "[a] person's interest in his or her good reputation alone, apart from a more tangible interest, is not a liberty or property interest sufficient to invoke the procedural protections of the Due Process Clause or create a cause of action under § 1983." *Patterson v. City of Utica*, 370 F.3d 322, 329–30 (2d Cir. 2004). "Rather, loss of a person's reputation can rise to the level of a due process violation 'if that loss is coupled with the deprivation of a more tangible interest'; such a claim 'is commonly referred to as a 'stigma-plus' claim.'" *Patterson*, 370 F.3d at 330.  To establish a "stigma-plus" claim, a plaintiff must allege: "(1) 'the utterance of a statement sufficiently derogatory to injure his or her reputation, that is capable of being proved false, and that he or she claims is false,' and (2) 'a material state-imposed burden or state-imposed alteration of the plaintiff's status or rights.'" *Vega v. Lantz*, 596 F.3d 77, 81 (2d Cir. 2010) (quoting *Sadallah v. City of Utica*, 383 F.3d 34, 38 (2d Cir. 2004)). Further, "[t]he statement must [ ] be 'publicized.'" *Filteau*, 161 F. Supp. 3d at 291 (quoting *Abramson*, 278 F.3d at 102). "[I]n ascertaining whether a complaint alleges the deprivation of a stigma-plus liberty interest, [the Court] need only determine that both 'stigma' and 'plus' are claimed to be sufficiently proximate." *Velez v. Levy*, 401 F.3d 75, 89 (2d Cir. 2005). "This requirement will be satisfied where (1) the stigma and plus would, to a reasonable observer, appear connected—for example, due to their order of occurrence or their origin—and (2) the actor imposing the plus adopted (explicitly or implicitly) those statements in doing so." *Id.* "There is no rigid requirement, therefore, that both the 'stigma' and the 'plus' must issue from the same government actor or at the same time." *Id.*

In a defamation action, the Court can consider "documents containing the allegedly defamatory statements." *Prince v. Intercept*, No. 21-CV-10075 (LAP), 2023 WL 4492413, at *5 (S.D.N.Y. July 12, 2023) (quoting *Biro v. Conde Nast* (Biro I), 883 F. Supp. 2d 441, 455 (S.D.N.Y. 2012)). Here, Plaintiff identifies a February 15, 2023 *lohud.com* article which includes Plaintiff's name, age, and town of residence in association with the crimes she was accused of committing. Indeed, while the news article was not written by Defendants, DEA Special Agent Frank Tarentino is quoted and refers to Desir and (presumably) Plaintiff as "significant drug traffickers." To the extent that Plaintiff alleges that Special Agent Tarentino's statement was the impetus for her termination, this statement was not made by Town Defendants and, as discussed *supra*, Plaintiff has not properly alleged a stigma-plus claim against the DEA.

Plaintiff also avers that alleged defamatory statements were published on a Facebook announcement posted by the Clarkstown Police Department on February 16, 2025 and news articles that summarized details regarding the arrests of Plaintiff and Desir. The relevant Facebook post by the Clarkstown Police Department reads:



Clarkstown Police Department ✔
February 16, 2023 · 🌐

On Friday February 10, 2023, the Rockland County District Attorney's Drug Task Force and DEA Tactical Diversion Squad executed the search warrants at residences in Congers, NY and Nyack, NY. The basis of the search warrant was the result of a multi- agency investigation that identified a Rockland man who was selling a large amount of controlled substances throughout Rockland County. With the assistance of the Clarkstown Police Department's Critical Incident Response Team and the Orangetown Police Department, both the suspected drug dealer and an acquaintance of his were taken into custody. Carl Desir, 48, of Congers, NY and Melissa Brown, 43, of Congers, NY were arrested and charged with the following crimes: Criminal Possession Controlled Substance 1st Degree (A-I felony) Criminal Possession Weapon 2nd Degree (two counts) (C felony) Criminal Possession Weapon 3rd Degree (D felony) Both defendants were arraigned in Clarkstown Justice Court and were remanded to Rockland County Jail. They are scheduled to return to court on February 16, 2023

To the extent that the joint Facebook post contains the purported defamatory language, as required by the first prong in the stigma-plus test in *Sadallah*, Plaintiff has also neither alleged that the statement(s) she claims are sufficiently derogatory to injure her reputation are "capable of being proved false [or] that he or she claims is false." *Sadallah*, 383 F.3d 34, 38. Moreover, "[t]ruth is an absolute, unqualified defense [to defamation claims]." *Biro v. Conde Nast*, 883 F. Supp. 2d 441, 458 (S.D.N.Y. Aug. 9, 2012). Plaintiff does not allege that any statements concerning Plaintiff contained in the press release are false. In fact, Plaintiff confirms each statement contained in the Facebook post in her Amended Complaint. Specifically, Plaintiff alleges that a search warrant was executed at her home in Congers, New York, that she was an acquaintance of Desir, that she was taken into custody, arrested, and arraigned with criminal possession of a controlled substance in the first degree, two counts of criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree. (AC ¶¶ 13, 15, 18-19, 21.) The Court finds that there is no dispute that the allegedly defamatory statements were true. Thus, as the statements are uncontested as true, Plaintiff's defamation claim fails. *See Savino v. City of New York*, 168 F. Supp. 2d 172, 179 (S.D.N.Y. 2001) ("a plaintiff in a defamation action has the burden of showing the falsity of the factual assertions") (quoting *Prozeralik v. Capital Cities*, 82 N.Y.2d 466, 473, 605 N.Y.S.2d 218, 626 N.E.2d 34 (N.Y.1993)). As the stigma-plus test in *Sadallah* is conjunctive, the Court does not find it necessary to address the "plus" prong at this time. Accordingly, the Court dismisses Plaintiff's stigma-plus claim against the Town of Clarkstown without prejudice.

### III.    Claim against the Rockland Defendant

The Court dismisses Plaintiff's claims for malicious prosecution against Defendant Rockland County under *Monell*. Plaintiff neither pled that her Fourth Amendment rights were violated nor that there was a lack of probable cause for commencing the proceedings against her.

As discussed *supra*, under *Monell*, a plaintiff must allege "that the municipality itself caused or is implicated in the constitutional violation." *Amnesty Am.* 361 F.3d 113 at 125. As Defendant Rockland County notes in their Memorandum of Support and Reply, Plaintiff's Amended Complaint, as constructed, does not include any facts concerning Defendant Rockland's implication in any alleged constitutional violation against Plaintiff. Further, Plaintiff failed to provide any facts that support how, if at all, Defendant Rockland County, as a supervisory authority of the unidentified ADA, deprived Plaintiff of a constitutional right. Accordingly, the Court dismisses Plaintiff's *Monell* claim against Defendant Rockland County without prejudice to renew.

## CONCLUSION

For the foregoing reasons, Defendants' Motions to Dismiss are GRANTED in their entirety without prejudice. Plaintiff is granted leave to file a Second Amended Complaint. Plaintiff will have until August 15, 2025 to do so, consistent with this Order. Plaintiff is advised that the Second Amended Complaint will replace, not supplement, the Amended Complaint, and so any claims they wish to pursue must be included in, or attached to, the Second Amended Complaint. Should Plaintiff file a Second Amended Complaint, Defendants are directed to answer or otherwise respond to the Second Amended Complaint by September 16, 2025.

If Plaintiff fails to file a Second Amended Complaint within the time allowed, those claims dismissed without prejudice by this Order will be deemed dismissed with prejudice and the case will be terminated. The Clerk of Court is kindly directed to terminate the motions at ECF Nos. 37 and 41.

SO ORDERED.

Dated: July 15, 2025
White Plains, New York

SO ORDERED:

HON. NELSON S. ROMAN
UNITED STATES DISTRICT JUDGE

16